THOMAS McCUSKER *v.* PATRICK McEVEY.

If one having no title to land, conveys the same with warranty to A. by a deed which is duly recorded, and he afterwards acquires a title and conveys to B., the purchaser of B. is estopped to aver, that the grantor was not seized at the time of his conveyance to A., the first grantee. The after acquired title will feed the estoppel created by the conveyance to A., and conclude the grantor and all persons claiming under him. And this, although the deed to A. was a deed poll, notwithstanding the *obiter dictum* in *Gordon* v. *Greene,* 5 R. I. 104.

The right of the purchaser of A. to insist on the estoppel is not impaired by admitting, in an action for the possession of the land, that A.'s grantor had no title when he conveyed to him.

ACTION of trespass and ejectment, for the recovery of a parcel of land on the east side of Knight street in the city of Providence. The cause came on to be heard by the court upon an agreed statement of facts, both parties having therein waived jury trial. The declaration was in the common form, and the plea the general issue, with liberty, by agreement in writing on file, to the defendant to give in evidence all matters of defence as to title by possession with the same effect as if the chapter of the Revised Statutes, "Of Title by Possession," had been specially pleaded. The facts agreed upon in relation to the title to the parcel of land in dispute, were as follows:—

On the second day of September, 1843, one George Weeden, as owner in fee, conveyed to one Silas Reynolds, in fee, with full covenants of title and warranty, the parcel of land now in dispute as part of a larger lot; and on the second day of May, 1845, said Weeden made a conveyance, with full covenants of title and warranty, by which he purported to convey to one Ira Paine in fee said parcel of land now in dispute. At the time of the making of this conveyance, said Weeden was the owner in fee of the premises therein described as aforesaid, except the parcel of land now in dispute, which was then vested in said Silas Reynolds by virtue of said deed to him. On the 25th day of January, 1847, Paine made a conveyance with full covenants of title and warranty, to one Patrick Quigley, containing the same description as in the deed from Weeden to Paine. On

the 6th of August, 1866, Quigley made a conveyance with full covenants of title and warranty to one Edward Kennady, containing the same description as in the deed from Paine to Quigley. And on the 12th day of April, 1867, Kennady made a conveyance with full covenants of title and warranty to the plaintiff, containing the same description as in the deed from Quigley to Kennady.

On the 24th day of November, 1845, Reynolds conveyed to Weeden, with warranty, the parcel of land now actually in dispute as part of a larger lot, and on the 8th day of January, 1847, Weeden made a conveyance, with warranty, to Williams & Belcher, who, on the 1st day of August, 1849, made a conveyance, with warranty, to one Jesse Fillmore. On the 16th day of June, 1855, Fillmore made a conveyance with warranty, to John K. Burrows, who, on the 12th day of July, 1856, made a conveyance, with warranty, to one George Durfee. On the 14th day of September, 1858, Durfee made a mortgage to the Mechanics' Savings Bank, who on the 29th day of March, 1861, under powers of sale, made a conveyance to the defendant. The conveyances from Weeden to Williams & Belcher, from Williams & Belcher to Fillmore, from Fillmore to Burrows, from Burrows to Durfee, from Durfee to the Mechanics' Savings Bank, and from the Mechanics' Savings Bank to the defendant, all purport to convey the parcel now actually in dispute as part of a larger lot. All the above-mentioned deeds were recorded in the order of their respective dates.

*W. H. Greene,* for the plaintiff:—

Any after acquired estate will enure by virtue of the warranty to the party claiming under such conveyance, with the same effect as if it had been originally passed by it; and this principle is applicable to all suits brought by the grantee or his assigns against the grantor or his assigns, the latter being estopped from setting up in defence a want of title in the grantee at the time of the original conveyance. Coke Lit., 265 *a ;* Rawle on Covenants, 3d ed. Rev. 411, 412 ; *Bank of Ithica* v. *Mersereau,* 3 Barb. Ch. 567 ; *Van Renselaer* v. *Kearney,* 11 How. 297 ; see Rawle on Covenants, ch. 9, 3d ed., and cases there cited.

*Markland, for the defendant:—*

I. In actions of trespass and ejectment the general rule is, that the plaintiff must recover by the strength of his own title, and not by the weakness of the defendant's title ; and that the possession of the defendant shall be taken to be good against all the world, until a better title is shown by one claiming against him. And this rule is applicable in trials by the court, without a jury, upon an agreed statement of facts. *Roe* v. *Harvey,* 4 Burr, 2484, 2487 ; *Martin* v. *Strachan,* 5 T. R., 107, *n*; *Goodtitle* v. *Baldwin,* 11 East, 488, 495 ; *Covert* v. *Irwin,* 3 S. & R. 288 ; *Williams* v. *Ingalls,* 21 Pick. 288 ; 1 Chitty on Plead. 189 ; 2 Greenl. on Ev. § 303 ; *Wheelock* v *Henshaw,* 19 Pick., 341, 345.

II. The question, then, is whether the agreed facts show any title in the plaintiff, in respect of which judgment can be rendered in his favor. And clearly they do not. The plaintiff claims title under the conveyance, from Weeden to Paine, dated May 2d, 1845. Now, it is not pretended that this deed originally passed any title to this land. On the contrary, it is expressly admitted that the land was then vested in Reynolds in fee, by virtue of the prior conveyance to him from Weeden as owner in fee, dated September 2d, 1843. Thus far, therefore, the plaintiff, by his own showing, has no title. But it is claimed for him that Weeden having purported to convey to Paine in fee and with warranty, the title acquired by Weeden under the re-conveyance to him from Reynolds, dated Nov. 24th, 1845, became vested in Paine by operation of law, and that Weeden, and those claiming under him, are estopped from setting up in defence want of title in Weeden at the time of the conveyance to Paine. And some of the authorities upon the subject of estoppel by deed, are referred to in support of this position. It is, undoubtedly, the general rule, that if one, having no title to land, undertakes to convey the same with warranty, by a deed which is duly recorded, and he afterwards acquires a title and conveys to a stranger, the second grantee, and all persons claim. ing under him, are estopped to aver that the grantor was not seized at the time of his conveyance to the first grantee ; and the effect is, that the subsequently acquired title enures by vir-

McCusker v. McEvey.

tue of the warranty to the first grantee the moment it is obtained by his grantor. But these familiar principles have no application to this present case. The entire scope of the doctrine of estoppel by deed is to prevent a party making a deed, or any one claiming under him, from pleading or proving that nothing was conveyed. It is obvious, however, that this doctrine and its effects are entirely displaced when the party taking the deed, or any one claiming under him, admits the actual truth in regard to the title, as the plaintiff does by this agreed statement of facts, or it otherwise appears to be improper that the general rule adverted to should be applied. As this case stands upon these agreed facts, the plaintiff admits that the defendant has the older and better title. There is no estoppel here, therefore, of which the plaintiff may avail himself, or which prevents the defendant from controverting the plaintiff's title, and the court, as substituted to the jury by the agreement of the parties, must find according to the real facts before them. The authorities clearly show—and among others, the authorities which the plaintiff's counsel has cited—that the after-acquired title only enures to the grantee or his assigns *by way of estoppel*, and not by way of transmutation of estate ; and that where the party entitled to the benefit of the estoppel suffers the actual truth as to the title to appear, or, himself, by pleading or evidence or an agreed statement of facts, shows or admits that nothing was in reality conveyed by the deed, which would otherwise work the estoppel, the whole matter is set at large, and the defendant may avail himself of this fact in defence to an action for the recovery of the land. See 2 Smith Lead. Cas. 6th Am. ed. 556, 658 ; 3 Wash. Real Prop., 3d ed. 68, 69 ; *Smith* v. *Comstock*, 13 Pick., 116 ; *Buckingham's Lessee* v. *Hanna*, 22 Ohio (Ohio State R.) 555 ; *Blanchard* v. *Ellis et al.*, 1 Gray, 195 ; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 567 ; *Van Renssalaer* v. *Kearney*, 11 How. 297 ; *Gardner* v. *Greene*, 5 R.I. 104 ; *Pelletreau* v. *Jackson*, 13 Wend., 110, 118 ; *Wheelock* v. *Henshaw*, 19 *Pick.*, 341, 345 ; *Anthony, Dennison & Co.* v. *Brayton*, 7 R. I. 52 ; See also *Stearnes* v *Hendersass*, 9 Cush. 502 ; *Parker* v. *Propr. of Locks*, &c., 3 Met. 102 ; *Smith* v. *Montes*, 11 Texas, 24 ; *Tilton* v *Emery*, 17 N. H. 538.

DURFEE, J. This is an action of trespass and ejectment, in which the plaintiff and defendant both derive title, through intermediate grantees, from one George Weeden. In May, 1845, Weeden, having then no title, conveyed the land in dispute to the plaintiff's predecessor, and afterwards, in November, 1845, acquired title to the same. In 1847, he conveyed to the predecessor of the defendant. The conveyances through which the plaintiff claims contain full covenants of title and warranty, and all the deeds on both sides were recorded in the order of their respective dates.

The plaintiff contends that the title acquired by Weeden in November, 1845, enured to the benefit of the prior grantee and his assigns, and entitles him to recover of the defendant.

At common law, where a person having no title, conveyed by feoffment, fine, recovery, or lease by indenture, and afterwards acquired title, it was held that the after-acquired title would feed the estoppel created by the conveyance, and convert the same to an interest in the grantee, so as to conclude the grantor and all persons claiming under him. In this country, where the common law modes of conveyance have never prevailed to any considerable extent, the same rule has been applied to conveyances with warranty under the statute of uses, the warranty being deemed to have the same efficacy, by way of estoppel, as a feoffment, fine, recovery, or lease by indenture. The American cases are very fully collected in 2 Smith's Lead. Cas. (6th ed.) 723, et seq., and in the ninth chapter of Rawle on Covenants. The doctrine of these cases, or of the major part of them, however, has been impugned by the American annotator of Smith's Leading Cases, and by Mr. Rawle, as based on a misconception of the English authorities and as erroneous in principle,—the warranty being, in their view, effectual only by way of estoppel or rebutter against the warrantor and his heirs, but inoperative on the after-acquired estate,—and also, as inconsistent, where applied to the prejudice of a bonâ fide purchaser for value without notice, with the spirit and purpose of the recording acts of the several states. The argument in support of these views is certainly very strong, if not theoretically unanswera-

ble; but the doctrine impugned has been so often and so fully recognized in the courts, and repeated in the text-books, that we feel bound, out of regard for the security of titles, to follow the precedents. The argument derived from the recording acts was particularly urged in *White* v. *Patten*, 24 Pick. 324, and in *Jarvis* v. *Aikens*, 25 Vt. 635, and in both cases disregarded; and it may be remarked that the doctrine, however much it may be at variance with the spirit, does not violate the letter of the recording acts. And see *Baxter* v. *Bradbury*, 20 Maine, 260; *Mack* v. *Willard*, 13 N. H. 389; *Dudley* v. *Caldwell*, 19 Conn. 218, 226; *Mickles* v. *Townsend*, 18 N. Y. 575; 428; *Somes* v. *Skinner*, 3 Pick. 52; *The Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528; Greenl. Cruise, vol. iv. p. 460, note; Kent, vol. iv. p. 98 (side page) and notes. We think the rule, notwithstanding some adverse and some doubting decisions, has been too uniformly recognized by the American courts to be now repudiated or modified without the authority of a statute, and we are free to say, we think a statute is called for in view of this state of the law, in order to carry into full effect the policy of our recording act, and to prevent its operating, in cases of this kind, as a snare rather than as a protection to purchasers.

This view of the law furnishes an answer to the defendant's first point, to wit.: that the plaintiff can recover only on the strength of his own title, not on the weakness of his adversary's. *Trevivan* v. *Lawrence*, 1 Salk. 276; *Palmer* v. *Ekins*, 2 Ld. Raym. 1550, 1554.

The defendant contends that the plaintiff, by admitting in the agreed statement that Weeden had no title when he conveyed to the plaintiff's predecessor, has lost his right to insist upon the estoppel.

Comyn says: "A man shall not be estopped when the truth appears by the same record." Com. Dig. Estoppel, E. 2. And again, "If the jury find the truth of the fact, the court will give judgment accordingly without regard to the estoppel." Com. Dig. Estoppel, E. 10. In *Wheelock* v. *Henshaw*, 19 Pick. 341, 345, the court, citing Comyn, says: "The same principle applies where the parties agree to submit a case to the decision

of the court upon certain facts agreed ; " and refused, in that case, to allow the plaintiff the benefit of an estoppel against his own admission of the truth. The rule, however, is not without its qualifications ; and Comyn says, " Where an estoppel binds the estate and converts it to an interest, the court will adjudge accordingly ; as if A. leases land to B. for six years, in which he has nothing, and then purchases a lease of the same for twenty-one years, and afterwards leases to C. for ten years, and all this is found by verdict, the court will adjudge the lease to B. good, though it was so only by conclusion." And so, also, the law is expressly decided in *Rawlyn's case*, 4 Co. 52 ; and in *Weale* v. *Lower*, Pol. 54, which latter case overrules *Iseham* v. *Morrice*, Cro. Car. 109, in which a different view obtained. In *Weale* v. *Lower*, in answer to this objection made on the authority of *Iseham* v. *Morrice*, it was said, " that the law is so in cases of obligations, covenants, or personal contracts, which cannot be turned into an estate, but in other cases where the estate is bound by the conclusion and converted into an interest, although the jury find the matter at large, yet the court shall judge according to law that the estate is good by reason of the estoppel." This case, as well as *Rawlyn's case*, was decided after mature consideration, and is of high authority. And see *Webb* v. *Austen*, 8 Scott, N. R. 419 ; 2 Wms Saunders, 418 *c* ; *McLaughland* v. *Wood*, 1 Rol. Abr. 474 ; and Bacon's Abr. Leases, O. cited in 8 Scott, N. R. 444, 445 ; *Doe* v. *Oliver*, 5 M. & R. 202. Indeed, the rule that the estoppel will not avail where the truth appears, would not seem to be so inflexible that it may not be disregarded, even where no estate is subsequently acquired, if justice requires. *Cuthbertson* v. *Irving*, 4 H. & N. 620, 742 ; 2 Smith's Lead. Cas. (6th ed.) 712.

In *Wheelock* v. *Henshaw*, 19 Pick. 341, where the estoppel was disallowed because the facts were admitted, no estate was acquired to feed the estoppel after the making of the deed relied on as creating the same. In the later case of *White* v. *Patten*, 24 Pick. 324, which was also tried on an agreed statement disclosing the facts, and apparently without reserve, the court held that if one having no title to land conveys the same with war-

ranty, by a deed which is duly recorded, and afterward acquires a title and conveys to a stranger, the second grantee is estopped to aver that the grantor was not seized at the time of his conveyance to the first grantee, thus giving effect to the estoppel notwithstanding the admission.

We think if an estoppel by warranty is to have any effect at law beyond the warrantor and his heirs, we ought to follow out the analogies of an estoppel by the common law modes of assurance, and to hold that the title which accrues to the grantee or his assigns, when the estate is subsequently acquired, cannot be prejudiced by any admission of the truth. We know of no case which, while recognizing the estoppel as binding on a second grantee, intimates that in a case of this kind the party setting up the estoppel will lose the benefit thereof by admitting the truth, or not objecting to its being proved. We therefore decide, that the plaintiff's right to insist on the estoppel is not impaired by his admission.

The defendant also contends that the deed from Weeden to the plaintiff, being a deed-poll, does not create an estoppel, because estoppels must be mutual, and a deed-poll will not estop the grantee. The case of *Gardner* v. *Greene*, 5 R. I. 104, contains a *dictum* which is relied on in support of this position ; but being in this respect merely *obiter dictum*, we do not regard it as binding authority. Of all the cases in which an estoppel by warranty has been applied, no one is pointed out in which its applicability was questioned on this ground; and yet we cannot suppose that in all, if even in the greater part of them, the conveyance was by deed indented. The warrantor is equally liable to suit, whether the warranty is contained in a deed-poll or an indenture, and therefore in so far as the estoppel is applied to avoid circuity of action, the reason for it is the same in either case. We think Mr. Hare presents the correct view in his note to *Doe* v. *Olivier*, 2 Smith Lead. Cas. (6th ed.) 713. He says : "Whether an estoppel shall conclude both parties or be limited to one, depends upon the intention as collected from the whole deed. There is no rule of law which prevents a man binding himself, while leaving others free."

We do not find, among the objections which are made to the plaintiff's claim, any sufficient reason to prevent the recovery. We give *judgment for the plaintiff.*

POTTER, J. dissented.